UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case Number: 13-16128-11 |
| FARMERS ORGANIC FOODS INTERNATIONAL, LLC, | |
| Debtor. | |
| FARMERS ORGANIC FOODS INTERNATIONAL, LLC, and UNSECURED CREDITORS' COMMITTEE, | |
| Plaintiffs, | Adversary Number: 15-132 |
| v. | |
| RANCHO COLD STORAGE, INC., | |
| Defendant. | |

**DECISION**

The Debtor in this Chapter 11 case was engaged in the production and sale of egg products. Some of those products were stored — both pre- and post-petition — at a warehouse owned by Rancho Cold Storage, Inc. The storage has ceased and Rancho now seeks allowance of an administrative expense claim for the storage charges.

**JURISDICTION**

This Court has jurisdiction under 28 U.S.C. § 1334 and the Western District of Wisconsin order of reference entered under 28 U.S.C. § 157(a). This

is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B). The Court may enter final judgment. 28 U.S.C. § 157(b)(1).

## STATEMENT OF PROCEDURAL HISTORY

Debtor-Plaintiff, Farmers Organic Foods International, LLC ("Farmers"), filed a chapter 11 petition on December 30, 2013. Creditor-Defendant in the adversary proceeding, Rancho Cold Storage, Inc. ("Rancho"), filed an administrative expense claim. Farmers and the Unsecured Creditors' Committee (the "Committee") filed an adversary proceeding against Rancho seeking a determination of the extent of a lien and objecting to Rancho's secured claim. Rancho filed a Motion for Summary Judgment on its Proof of Claim and on its Administrative Expense Claim. Farmers responded opposing summary judgment. Trial is currently scheduled for March 18, 2016.

## FACTUAL BACKGROUND

Both before and after filing its bankruptcy, a large portion of Farmers' inventory was stored at Rancho's facilities. Rancho held a pre-petition claim for unpaid storage charges and claimed a warehouse lien on the stored inventory. Farmers and Rancho stipulated to adequate protection for continuing storage.

The stipulation required weekly $10,000 payments and for the conversion and sale of certain egg products, if necessary. If Farmers defaulted on the payments, Rancho was permitted to sell as much of the stored inventory as necessary to pay off its claim. Farmers defaulted. Rancho was granted relief from stay to sell inventory as needed.

On March 2, 2015, Rancho notified Farmers it would enforce its lien and sell the product on March 11. On March 11, Rancho sold 907,800 pounds of egg product at $0.30 per pound to Deb El Food Products. The sale price was $272,340. Rancho kept the product in storage for a period of time after the March 11 sale to Deb El.

At the time of the sale, Rancho told Farmers it was owed $327,377.37. Proceeds of the sale were applied to the amounts owed to Rancho. Rancho now claims it is still owed $96,818.71 for storage costs from November 1, 2014, to April 20, 2015, and that this amount is an administrative expense claim under 11 U.S.C. § 503(b)(1). Farmers and the Committee dispute the amount sought and the characterization of at least a portion of the amount as an administrative expense. They argue that at least part of the expenses were not for the benefit of the estate, but for the benefit of Rancho. Rancho also argues that the remainder of its claim should be treated as a secured claim. Farmers and the Committee disagree and say the claim should be treated as unsecured since there is no collateral that remains to secure the claim.

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (applied through Fed. R. Bankr. P. 7056). The court's role is to determine whether there is a genuine issue for

3

trial, not to weigh the evidence to determine the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242-43, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

As a procedural matter, on summary judgment "the burden is on the moving party to establish that there is no genuine issue about any material fact, or that there is an absence of evidence to support the nonmoving party's case, and that the moving party is entitled to judgment as a matter of law." 20 Charles Alan Wright, Arthur R. Miller & Edward Cooper, *Federal Practice and Procedure* § 105 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### B. **Administrative Expense Claims**

Section 503(b) allows administrative expense claims for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). This includes "commissions for services rendered after the commencement of the case." Administrative expense claims receive priority in the distribution of the estate's assets. *In re Resource Tech. Corp.*, 662 F.3d 472, 474 (7th Cir. 2011). To establish an administrative claim, the claimant "must demonstrate that the debt (1) arose out of a transaction with the debtor-in-possession and (2) benefited the operation of the debtor's business." *In re Nat'l Steel Corp.*, 316 B.R. 287, 299 (Bankr. N.D. Ill. 2004). The party seeking allowance of an administrative expense claim bears the burden of proof. *In re Patch Graphics*, 58 B.R. 743, 745 (Bankr. W.D. Wis. 1986). The standard of proof is a preponderance of the evidence. *Nat'l Steel*, 316 B.R. at 300. The language of § 503(b)(1)(A) "must be narrowly construed in order to keep

administrative expenses at a minimum and thus preserve the estate for the benefit of all creditors." *Patch Graphics*, 58 B.R. at 745.

"When a creditor incurs expenses primarily to protect its own interest the creditor is not entitled to a priority administrative claim." *Id.* Courts have denied administrative claims even upon a finding that the expenses were actual and necessary to preserving the estate if the creditor was acting primarily in its own interest. *In re McK, Ltd.*, 14 B.R. 518, 519-20 (Bankr. D. Colo. 1981). In *McK,* the creditor paid insurance premiums to protect its collateral and that were necessary to preserving the estate, but the administrative claim was denied when the court found the creditor acted primarily to protect its own interest. *Id.*

There are material issues of fact about whether all of the storage charges were for the benefit of the estate in this case. Rancho sold the products to Deb El on March 11, 2015. Nonetheless, Rancho continued to charge Farmers for storage. It is unclear how and whether these continued storage charges were for the benefit of the estate, Rancho, or Deb El.

Even if the charges were for the benefit of the estate, there remain other material issues of fact. The central issue is the amount of Rancho's claim. The record is replete with inconsistent amounts. Those inconsistencies can be summarized as follows:

5

| Invoice Date[1] | Summary Judgment Motion | Proof of Claim | Accounting |
|---|---|---|---|
| December 1, 2014 | $6,078.95 | $28,989.68 | $0 |
| January 1, 2015 | $22,340.84 | $44,373.14 | $15,509.79 |
| February 1, 2015 | $24,157.59 | $24,157.59 | $24,157.59 |
| March 1, 2015 | $23,218.43 | $23,218.43 | $23,218.43 |
| April 1, 2015 | $18,624.55 | $18,624.55 | $18,624.55 |
| May 1, 2015 | $2,308.35 | $15,308.35 | $15,308.35 |
| Total: | $96,728.71 | $154,671.74 | $96,818.71 |

Rancho told Farmers that "[a]t the time of the sale" it was owed unpaid charges totaling $327,377.37. The sale price was $272,340.00. Rancho then reported a balance due of $96,818.71. Farmers says this would leave a balance of $78,256.20[2].

The Court does not determine the truth on summary judgment. It simply decides if there is a triable issue of fact.

**C.    Proof of Claim**

Rancho also requests summary judgment classifying its claim as a secured claim. Rancho argues that its claim is secured by inventory described in Paragraph 11 of the adequate protection agreement. Paragraph 11 includes specific egg products that are to be sold to create additional funds if necessary. Rancho argues that the inventory described in Paragraph 11 was not part of the "Stored Product" and therefore was not exhausted upon the sale of the

---

[1] There is one amount and explanation contained in the motion for summary judgment, another amount and explanation contained in the proof of claim, and a third amount and explanation that can be gleaned from the accounting prepared by Rancho. In addition, performing a simple arithmetic calculation based on the amount stated as owed minus the sale proceeds yields a fourth possible amount.

[2] This calculation appears in error since $327,377.37 minus 272,340.00 equals $55,037.37.

6

Stored Product to Deb El. Further, Rancho argues that Paragraph 11 granted it an additional lien. *Id.*

Farmers acknowledges that Rancho was a secured creditor to the extent of product covered by the warehouse lien and as further described in the adequate protection agreement. However, it argues that Rancho liquidated all of its collateral, and therefore the rest of its claim should be treated as unsecured. *Id.* at 15.

There is a material issue of fact about whether all of the security for Rancho's claim was sold. There is a dispute about whether any collateral continues to exist.

Again, it is not the Court's job on summary judgment to weigh the strength of the parties' arguments. Rather, the Court simply determines if there are issues of fact that require a trial.

## CONCLUSION

For the foregoing reasons, the Court concludes there are genuine issues of material fact prohibiting summary judgment in both the adversary proceeding and on the claim objection. For those reasons, summary judgment is denied.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: February 3, 2016.

BY THE COURT:

_____

Hon. Catherine J. Furay
U.S. Bankruptcy Judge